# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KARLA K. ALLSBERRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-03167-SNLJ |
| ) | |
| JUDGE PATRICK S. FLYNN, ) | |
| in his individual capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' motion to remand (#7) and defendants' motion to dismiss (#9). For the reasons that follow, both motions will be **HELD IN ABEYANCE** and this case **STAYED** pending resolution of the Eighth Circuit appeal in *Allsberry et al. v. Flynn et al.*, Case No. 4:19-cv-02366-SNLJ.

This case involves a dispute between the elected circuit clerk, plaintiff Karla Allsberry, and the elected circuit judge, Patrick Flynn, of Lincoln County, Missouri. According to the complaint, Allsberry and Flynn have been long-time political rivals. Both took office in January 2019, upon which tensions immediately escalated. Things came to a head on May 28, 2019, when Flynn, by letter, placed Allsberry on indefinite "administrative suspension," citing her conduct in "creating a dysfunctional work environment for the Lincoln County Circuit Court." Flynn specifically noted Allsberry's "failure to operate in truth, protocol, and respect," and explained that he had the authority to administratively suspend Allsberry pursuant to Section 478.240, RSMo. He expressed

1

the suspension was "not a cause of action" and "will not cause any loss in pay or benefits." He also stated that, if any such "action" would be forthcoming, he would notify Allsberry "of the reasons at that time along with your due process rights in accordance with Section 483.170, RSMo." Additional factual details are laid out in *Allsberry v. Flynn*, 2019 WL 5295128 (E.D. Mo. Oct. 18, 2019) (Limbaugh, J.).

This isn't the first case on the subject; in fact, there are three. On May 18, 2019—days before her suspension—Allsberry filed a petition in Cole County, Missouri, against the Missouri Circuit Court Budget Committee and several state court judges over a dispute about whether she, or Flynn, has the authority to hire and fire deputy clerks. *See Allsberry v. Ohmer, et al.*, Case No. 19-AC-CC00224 ("Allsberry I"). Allsberry is represented by a different attorney in that case. The parties have disagreed about the scope of *Allsberry I*—defendants say that, in the first amended petition, Allsberry also sought relief against her indefinite suspension by Flynn. This Court takes judicial notice of that petition—a public record available on Missouri's CaseNet system—which does, indeed, seek "an immediate order declaring that the administrative suspension, bar of access, temporary appointment, and removal of authority and duties … of the office of the Circuit Clerk from plaintiff by defendant Flynn on May 28, 2019, are illegal acts under Missouri law." *See* FED. R. EVID. 201(b)(2); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts may take judicial notice of court opinions and public records). This language is absent in the second amended petition, however, that Allsberry attaches as an exhibit to her briefs. Apparently, the second amended petition seeks to narrow *Allsberry I* solely to the deputy clerk appointing authority issues.

Whatever the case, Allsberry has notified this Court that leave was granted by the state court to file that second amended petition—CaseNet reflects as much. Accordingly, *Allsberry I* does now appear narrowed.

This Court had its first occasion to look at Allsberry's claims in *Allsberry et al. v. Flynn et al.*, Case No. 4:19-cv-02366-SNLJ ("*Allsberry II*"). In this second case, which began in federal court, Allsberry filed motions for a temporary restraining order and preliminary injunctive relief asking "the Court to enter a preliminary injunction, without bond, removing Allsberry from indefinite administrative leave, restoring her to the position of elected Clerk of the Circuit Court of Lincoln County, restoring her rights to enter the Justice Center, and barring Judge Flynn from interfering with those rights." *Allsberry*, 2019 WL 5295128 at *2. After hearing oral arguments on the issue, this Court determined that "the interplay between Sections 478.240 and 483.170 is an unsettled issue of state law" of "considerable importance to Missouri's sovereignty." *Id.* at *3, 4. Accordingly, the Court abstained from deciding the issues raised by Allsberry's motions—the validity of Flynn's actions in suspending and removing Allsberry, and the interaction, if any, between Sections 478.240 and 483.170 used to do so—under the *Pullman* doctrine. *Id.* at *4; see also Railroad Commission of Tex. v. Pullman Co.*, 312 U.S. 496, 501 (1941) (cautioning federal courts to "restrain their authority" because of "scrupulous regard for the rightful independence of the state governments" and to avoid "needless friction" with the states when avoidable). The effect of abstention was to allow plaintiff to pursue these novel issues of state law in state court. Guided by *Doe v. McCulloch*, 835 F.3d 785, 789 (8th Cir. 2016), the case was stayed rather than dismissed.

3

*Id.* (finding district court erred when dismissing, rather than staying, case under application of the *Pullman* abstention doctrine). Allsberry appealed this Court's decision on October 21, 2019, which remains pending before the Eighth Circuit, Appeal No. 19-3284.

And then the immediate case was filed, *Allsberry et al v. Flynn et al.*, 4:19-cv-03167-SNLJ ("*Allsberry III*"). Unlike *Allsberry II*, this case began in state court and was removed by the defendants. *Allsberry III*, according to plaintiffs themselves, "raises the same claims as [*Allsberry II*]," while "adding an additional count for a declaratory judgment that Judge Flynn's conduct violated existing Missouri statutes," as well as adding "defendant Dianne Doll as a conspirator on the conspiracy counts." But, "[i]n all other respects," *Allsberry III* is the same as *Allsberry II*.

To sum up, *Allsberry I* remains in state court and has recently been limited to the issue of deputy clerk appointing authorities. *Allsberry II* began in federal court, was stayed pending state court resolution on the sole issue of Judge Flynn's authority to indefinitely suspend and remove Allsberry as circuit clerk (the issue raised by Allsberry's injunctive motions), and is presently on appeal before the Eighth Circuit. *Allsberry III* began in state court, was removed, and is otherwise the same as *Allsberry II* except that it adds one defendant to pre-existing conspiracy counts and adds one new count specifically targeting the issue of Judge Flynn's authority to suspend Allsberry. The question before this Court is what to do with *Allsberry III*.

For now, *Allsberry III* will be stayed. Under ordinary circumstances, and in recognizing that a new defendant was added in *Allsberry III*, the redundant claims of

4

*Allsberry III* would simply be dismissed—or at least consolidated—with those already stayed in *Allsberry II*. Doing so would streamline what is essentially carbon-copy lawsuits. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."). Specifically, Counts I through IV (violations, and conspiracy to commit violations, of the First and Fourteenth Amendments), Count V (wrongful termination), Counts VI and VII (false arrest), Count VIII (battery), Count IX (assault), Count X (tortious interference with an employment relationship), Counts XI and XII (violation, and conspiracy to commit violation, of the Due Process Clause of the Fourteenth Amendment), and Count XIV (libel) would be dismissed or consolidated.

That would leave two counts—Count XIII in the complaints of both *Allsberry II* and *III*, and Count XV that is new to *Allsberry III*. Count XIII seeks injunctive relief against Flynn's decision to place Allsberry on indefinite administrative leave. Count XV seeks declaratory judgment against Flynn for the same reasons. Count XIII is what this Court has already abstained from deciding, and that decision is being reviewed by the Eighth Circuit. *See Allsberry*, 2019 WL 5295128 at *4. Count XV is simply another formulation of Count XIII—perhaps the more appropriate formulation, as "injunctive relief is a remedy and not an independent cause of action," *Wholesale Alliance, LLC. v. Express Scripts, Inc.*, 366 F.Supp.3d 1069, 1082 (E.D. Mo. 2019).

However formulated, it is still this Court's view that these remaining counts raise novel issues that are to be decided by the state courts. Thus, if left up to this Court, and

5

after dismissing or consolidating the redundant claims referenced above into *Allsberry II* (a federal question case), *Allsberry III* (a removal case) would remain only as a vehicle for remanding back down Counts XIII and XV to the Circuit Court of Lincoln County, Missouri.[1]

But, because the Eighth Circuit appeal in *Allsberry II* remains, this Court finds that staying *Allsberry III* is the most appropriate, interim decision to take here. To be sure, should the Eighth Circuit decide this Court was wrong in *Allsberry II*, and that the issues of Counts XIII and XV can be decided by this Court, remand would be inappropriate. Because of that possibility, the motion to remand should not be decided now. If this Court is correct, however, and the Eighth Circuit affirms its decision in *Allsberry II*, then the above-outlined steps seem to this Court to be the most effective way to reconfigure *Allsberry II* and *Allsberry III*.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#9) and plaintiffs' motion for remand (#7) are **HELD IN ABEYANCE** until such time as the Eighth Circuit has had an opportunity to decide the appeal in *Allsberry II*.

---

[1] Defendants' first-filed rule arguments are acknowledged, which suggest that Counts XIII and XV should be dismissed, not remanded, so that those claims can be litigated in *Allsberry I*—the Circuit Court of Cole County, Missouri—where they first originated. Defendants' arguments did not, however, anticipate that the state court in *Allsberry I* would grant plaintiff's request for leave to file a second amended complaint, which narrowed *Allsberry I* solely to the deputy clerk appointing authority issues. Remand of *Allsberry III* to Lincoln County would, thus, appear appropriate here as the only state court remaining with a possibility of deciding the issues of Counts XIII and XV.

So ordered this 22nd day of January 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE