UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARLA K. ALLSBERRY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-03167-SNLJ |
| | ) |
| JUDGE PATRICK S. FLYNN, | ) |
| in his individual capacity, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter—what has previously been referred to as *Allsberry III*—comes before the Court on plaintiffs' supplemental motion to remand (ECF #19) as well as plaintiffs' original motion to remand (ECF #7) and defendants' motion to dismiss (ECF #9), the latter two of which were held in abeyance pending appeal in a related case, *Allsberry v. Flynn et al.,* Case No. 4:19-cv-02366-SNLJ ("*Allsberry II*"). The appeal has now been voluntarily dismissed. Therefore, plaintiffs seek remand once more on just two counts—Counts XIII and XV—in recognition of this Court's earlier analysis attempting to untangle *Allsberry II* from *Allsberry III*. *See Allsberry v. Flynn*, 2020 WL 364453, at *2 (E.D. Mo. Jan. 22, 2020) (noting its stay order in *Allsberry II* and explaining that only Counts XIII and XV of *Allsberry III* should be litigated in state court pursuant to the Court's abstention in *Allsberry II* on those issues); *see also Allsberry v. Flynn*, 2019 WL 5295128 at *3 (E.D. Mo. Oct. 18, 2019) (issuing a stay in *Allsberry II* under the *Pullman*

1

abstention doctrine so that the state courts could consider the validity of Judge Flynn's actions in suspending and removing Allsberry as circuit clerk).

Upon reflection, this Court expressed its concern about remanding only certain counts, rather than the entire case, and ordered further briefing on that issue, ECF #21. Both sides seem to agree that there is no authority for which to only partially remand a case back to state court. Thus, plaintiffs' solution is to remand the entire case and then "enjoin[] [them] from litigating any claim in Lincoln County other than the claims set forth in Counts XIII and XV." Defendants, however, take issue with using an injunction as a means to cure this procedural conundrum and say, instead, that this Court should grant plaintiffs' motion for leave to file a second amended complaint in *Allsberry II*, which seeks to align *Allsberry II* and *Allsberry III*, and then dismiss *Allsberry III* outright as redundant—the implication being that plaintiffs can file a new state court action solely on the issues raised in Counts XIII and XV.

This Court agrees with defendants' approach. The original order staying *Allsberry II*, *Allsberry*, 2019 WL 5295128 at *1, was made on the basis of the Eighth Circuit's decision in *Doe v. McCulloch*, 835 F.3d 785 (8th Cir. 2016). In that case, the Eighth Circuit found the district court, following a decision to abstain on certain novel state law issues, erred by dismissing rather than staying the action "while the parties litigate the state-law questions in the Missouri state courts." *Id*. at 789. This case, *Allsberry III*, was removed to this Court because more than the "state-law questions" were raised in the underlying state court complaint that followed the stay order—plaintiffs essentially refiled the entirety of *Allsberry II*, including the claims that were stayed. In this Court's

view, remanding *Allsberry III* back down is no guarantee that it solves the issues faced here. But, by granting plaintiffs' motion to file the second amended complaint in *Allsberry II* and, as a result, matching the claims between *Allsberry II* and *Allsberry III*, the latter case can be safely dismissed in its entirety as redundant. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."). Plaintiffs may then file a new state court action respecting the limitations of *Doe*; that is to say, filing claims only as to the "state-law questions" this Court abstained from deciding. *Doe* 835 F.3d at 789. To be specific, plaintiffs can file a new state court action raising those claims made in Counts XIII and XV.

Accordingly,

**IT IS HEREBY ORDERED** that, in accordance with this Order, plaintiffs will be granted leave to file their second amended complaint in *Allsberry II*, Case No. 4:19-cv-02366-SNLJ, which will be granted by separated Order.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (ECF #9) is **GRANTED**. This case is **DISMISSED without prejudice**. A separate Order of Dismissal to follow.

**IT IS FURTHER ORDERED** that plaintiffs' motions for remand (ECF #7, #19) are **DENIED**.

So ordered this 3rd day of March 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE